IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AF HOLDINGS LLC,

      Plaintiff,                                            CIV. NO. S-12-1066 GEB GGH

      vs.

JOHN DOE,

      Defendant.                                            ORDER

_____/

        Presently before the court is defendant John Doe's "motion to quash or vacate subpoena," filed July 5, 2012. Defendant has not noticed the motion for hearing. Defendant has not identified himself and seeks to remain anonymous, claiming that it is well established that subpoenas in these types of cases are followed by demand letters seeking large sums of money as well as persistent phone calls. Defendant also denies downloading the file at issue.

        Defendant Doe will not be permitted to litigate anonymously. A presumption exists that cases will be litigated with the trues identities of the parties set forth on the record, and a court may not lightly disregard that presumption. <u>Doe v. Kamehameha Schools etc.</u>, 596 F.3d 1036, 1042-43 (9th Cir. 2010). Defendant Doe's mere desire not to suffer a possible defeat in litigation, or a desire not to have to undergo the rigors of litigation are insufficient to rebut the presumption. Therefore, defendant's motion will be denied without prejudice to its renewal upon

defendant's self-identification.  Furthermore, Comcast Cable may make its own objection to the subpoena, if it so desires.

    Accordingly, IT IS ORDERED that:

  1. Defendant Doe's motion to quash subpoena, filed July 5, 2012, (dkt. no. 9), is denied without prejudice.

  2. The Clerk of the Court is directed to serve this order on Comcast Cable Communications LLC ("Comcast") or any other entity identified as providing internet services to John Doe at the IP address 67.182.119.178.  Comcast, or any other ISP subpoenaed pursuant to this order, shall in turn serve a copy of this order upon the subscriber (John Doe) within 30 days from the date of service upon it.  The ISP(s) may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

DATED: July 16, 2012

         /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH:076/AFHoldings1066.mtnqua.wpd