1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AF HOLDINGS LLC,

11          Plaintiff,                    CIV. NO. S-12-1066 GEB GGH

12      vs.

13   JOHN DOE,

14          Defendant.                    <u>ORDER</u>

15   _____/

16          Presently before the court is defendant John Doe's third motion to quash

17   subpoena, and request for clarification of this court's prior orders.  This motion is denied as it is

18   in contravention of this court's prior orders, issued July 17 and August 22, 2012, both of which

19   denied John Doe's previous motions to quash.

20          In regard to Doe's request for clarification, he is informed that he has two choices.

21   He can either identify himself and have the court entertain his motion to quash, which will indeed

22   have the same effect as granting, in part,[1] plaintiff's motion for expedited discovery.  Or,

23   defendant can elect to stop his attempts to quash discovery, and wait to see if plaintiff is able to

24   determine his identity through discovery.  Defendant is informed for the last time that he will not

25   _____
          [1]  The application for expedited discovery also seeks John Doe's address, telephone
26   number and e-mail address.

1

1  be able to litigate his motion anonymously in order to protect a litigation advantage, i.e., if he

2  wins the motion, he will not be identified, and if he loses the motion, he will not be directly

3  identified at that time.  The court will not take the position at this time that plaintiff's claims are

4  frivolous and that defendant requires protection from them.  While such an outcome is a

5  possibility, it would be entirely improper to prejudge the outcome at this point.

6

7           Accordingly, IT IS ORDERED that:

8           1.  Defendant Doe's revised motion to quash subpoena, filed September 27, 2012,

9  (dkt. no. 19), is denied without prejudice.

10          2.  The Clerk of the Court is directed to serve this order on Comcast Cable

11  Communications LLC ("Comcast") or any other entity identified as providing internet services to

12  John Doe at the IP address 67.182.119.178.  Comcast, or any other ISP subpoenaed pursuant to

13  this order, shall in turn serve a copy of this order upon the subscriber (John Doe) within 30 days

14  from the date of service upon it.  The ISP(s) may serve the subscriber using any reasonable

15  means, including written notice sent to the subscriber's last known address, transmitted either by

16  first-class mail or via overnight service.

17   DATED: October 4, 2012

18
                              /s/ Gregory G. Hollows
19                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24  GGH:076/AFHoldings1066.mtnqua3.wpd

25

26