Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, </br></br>  Plaintiff, </br></br> v. </br></br> JOHN DOE, </br></br>  Defendant. | Case No. 2:12-cv-01066-GEB-GGH </br></br> **PLAINTIFF'S RESPONSE TO MOVANT'S UPDATED MOTION TO QUASH OR VACATE SUBPOENA** |

An individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 67.182.119.178 filed his *fourth* motion to quash or vacate subpoena in this action. (ECF No. 21); (*see also* ECF Nos. 9, 13, 19). The Court denied, without prejudice, Movant's first three motions because Movant failed to identify himself to the Court. (ECF Nos. 10, 15, 20.) In his current motion Movant spends the majority of it debating whether or not he will identify himself. (*See generally* ECF No. 21.) In the end, he finally identifies himself as "George Mills," although there is no basis for believing that Movant accurately identified himself. (*Id.* at 3-4.) Movant makes the single legal argument that he "did not download the file he is being accused of downloading." (*Id.* at 3.) For the reasons set below, this argument is not a basis to quash or vacate Plaintiff's subpoena.

**ARGUMENT**

Movant argues that he "did not download the file he is being accused of downloading." (*Id.* at 3.) Movant's general denial of liability is not a basis for quashing Plaintiff's subpoena. *MCGIP,*

*LLC v. Does 1–18*, No. 11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."); *First Time Videos, LLC v. Does 1–500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011), ECF No. 151 ("A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit."); *MCGIP, LLC v. Does 1–316*, No. 10-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) ("A general denial of engaging in copyright infringement . . . is not a basis for quashing a subpoena."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena.").

The proper time to raise these factual denials is after Movant has actually been identified and named as a party in this lawsuit—the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 1807438, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d 212, 215 (D.D.C. Sept. 10, 2010) (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the instant motion because Movant's factual denial is premature and not a basis to quash or vacate a subpoena.

///

# CONCLUSION

The Court should deny Movant's motion. Movant's general denial of liability is premature and is not a basis to quash or vacate Plaintiff's subpoena.

Respectfully submitted,

PRENDA LAW, INC.

**DATED: November 1, 2012**

By: /s/ Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 1, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Brett L. Gibbs