IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AF HOLDINGS LLC,

     Plaintiff,                                NO. 2:12-cv-1066 GEB GGH

     vs.

JOHN DOE,

     Defendant.                           <u>ORDER</u>

_____/

        Presently before the court is defendant John Doe's fourth motion to quash subpoena, filed October 18, 2012. Plaintiff filed a response on November 1, 2012. After reviewing the motion and response, the court now issues the following order.

        Defendant's previous motions were denied without prejudice because defendant refused to identify himself and the court determined that he could not litigate anonymously. In his most recent motion, defendant has now identified himself. Therefore, the motion will be considered on the merits.

        Federal Rule of Civil Procedure 45(c)(3) requires a court to modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). A court may modify or quash a subpoena that requires disclosing confidential information. Fed. R. Civ. P.

1

45(c)(3)(B).

Additionally, Rule 26(c)(1) provides in part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery.

Fed. R. Civ. P. 26(c)(1).

A presumption exists that cases will be litigated with the trues identities of the parties set forth on the record, and a court may not lightly disregard that presumption. Doe v. Kamehameha Schools etc., 596 F.3d 1036, 1042-43 (9th Cir. 2010). Factors to be considered include: "'(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." Id. at 1042, *quoting* Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). The Ninth Circuit Court of Appeals' most recent pronouncement is that anonymity will not be preserved even in a case involving fear of harm, unless there is a *reasonable* fear of severe harm. In Kamehameha Schools, the plaintiffs' unreasonable fear was outweighed by the public interest in open proceedings, and the potential prejudice to defendants. Id. at 1042-43. In Advanced Textile, fears of "extraordinary retaliation, such as deportation, arrest, and imprisonment," were sufficient to permit plaintiffs to proceed anonymously. Does I Thru XXIII, 214 F.3d at 1071.

In this case, defendant contends that he did not download the file he is accused of downloading and in fact does not know how to do so, that plaintiff and its counsel are "steam rolling innocent people" as internet and court records show, and that plaintiff should not be allowed to proceed based on a mere IP address and a snapshot of that computer for a one second moment in time. (Def.'s Mot. at 3.) Other than these statements addressing the merits of the action, defendant does not articulate why the motion to quash should be granted. He does not

claim that to reveal his identity would cause him to suffer embarrassment or invasion of his privacy. See Digital Sin v. Does 1-5698, 2011 WL 5362068, * (N.D. Cal. Nov. 4, 2011) (noting requests for pseudonymity have been granted to preserve privacy such as where there are allegations that defendant illegally downloaded adult entertainment).  Even were defendant to similarly argue that the sensitive nature of this action should protect him from having to respond to the subpoena, such threat of harm is insufficient, according to Kamehameha Schools, which is binding authority on this court.

On the other hand, courts have enforced such subpoenas where there is alleged illegal activity by an anonymous internet user whose identity is needed to obtain service of process of a case brought in good faith and the information is not available from any other source.  See Doe v. 2TheMart.com Inc., 140 F.Supp.2d 1088, 1094-95 (W.D. Wash. 2001).

In regard to defendant's request to seal the motion to quash which reveals his identity (dkt. no. 21), defendant has not shown good cause.[1]

Discovery information disclosed in court filings generally is available to the public.  See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public").[2]

Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery.  United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).  The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense.  B.R.S. Land Investors v. United States,

---

[1] Although defendant phrases the request for sealing: "if the decision is made to grant the quash," (dkt. no. 21 at 4), the court addresses the request in the alternative, where the motion to quash is not granted, out of an abundance of caution.

[2] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery and which has not been filed with the court.  Seattle Times v. Rhinehart, 467 U.S. 20, 33, 37, 104 S. Ct. 2199, 2207, 2209 (1984).

596 F.2d 353, 356 (9th Cir. 1979).  Good cause, however, is required to obtain a protective order.  Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

"Good cause" to bar the public from litigation documents must be more than mere desire.  The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need.  Id.; San Jose Mercury News, Inc., 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:88.  "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary."  Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

Defendant has provided no reason whatsoever for sealing the motion to quash, other than the fact that it reveals his identity.  This is not the case where, for example, the information revealed is defendant's Social Security number, taxpayer identification number, date of birth, a minor's name, or a financial account number.  See Fed. R. Civ. P. 5.2.  Therefore, to the extent that defendant requests that his motion to quash be sealed, his request is denied.

Accordingly, IT IS ORDERED that:

1. Defendant's motion to quash subpoena, filed October 18, 2012, (dkt. no. 21), is denied.

2. Defendant's request to seal his motion to quash is denied.

3. The Clerk of the Court is directed to serve this order on Comcast Cable Communications LLC ("Comcast") or any other entity identified as providing internet services to defendant at the IP address 67.182.119.178.  Comcast, or any other ISP subpoenaed pursuant to this order, shall in turn serve a copy of this order upon the subscriber (defendant) within 30 days

4

from the date of service upon it.  The ISP(s) may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

DATED: December 4, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/AFHoldings1066.mtnqua4.wpd